## SUPERIOR COURT

Arthur E. Dwelly et al
vs.                         }  Eq. No. 2017
Herman Rocklin and
Jacob Robinson

RESCRIPT

May 18, 1925

Baker, J. Heard on demurrer to the amended bill of complaint.

A demurrer to the original bill of complaint has previously been sustained by a rescript heretofore filed, and as to the matters determined by that rescript, which matters substantially cover the first six paragraphs of the present amended bill, such questions are res adjudicata and are the law of the case as far as this Court is concerned.

The new matters in the amended bill are chiefly in the seventh and eighth paragraphs.

In regard to the allegations in the seventh paragraph, in the judgment of the Court no basis or ground for equitable relief is therein stated. The important facts are alleged on information and belief and do not, in the opinion of the Court, set out sufficiently definitely that anything that the respondents may have done in connection with land negotiations prevented or hampered the complainants in obtaining property to which to remove the cottages involved in the bill. In fact, the allegations in the seventh paragraph show that at the time the amended bill was filed the complainants had not at that time definitely secured title to the adjacent land. It would not appear from anything alleged in that paragraph that any acts of the respondents during the thirty odd days given the complainants under the notice to terminate the leases delayed or hindered the complainants in the removal of the cottages in question.

In connection with the eighth paragraph of the amended bill, it is obvious that the complainants, as a ground for equitable relief, there allege matters which they claim constitute something in the nature of a forfeiture. It seems to be the law generally that, in order for equity to relieve against a forfeiture such as is here urged, there must be something in the nature of fraud, accident or mistake. Neither of the two latter elements are in any way involved in the bill and no fraud is alleged, unless possibly it could be considered to be alleged constructively. The case of Oesting vs. New Bedford, 210 Mass. 396, is in many respects similar to the case at bar, and in that case equitable relief was refused.

The Court has very serious doubt whether the fact that the respondents gave notices to terminate a large number of these leases at the same time will in itself constitute a forfeiture or give a ground for equitable relief. The fact that a large number of complain-

ants are joined in this bill is merely for the sake of convenience and of preventing a multiplicity of suits and creates no greater equitable right as far as each individual complainant is concerned. The case of each complainant must rest on its own merits.

In any event, the Court feels that the allegations of the eighth paragraph are not sufficiently clear and definite upon which to base the relief asked for. There is nothing in this paragraph to show what any of these complainants did, after receiving the notice in regard to the termination of his lease during the thirty odd days which followed the notice. It does not appear whether any of the complainants made any attempt to obtain movers or to move their cottages. It does not appear, even if the cottages could not have been moved, that they tried to sever them from the real estate in any way. In other words, even if the situation as revealed by the bill created any basis for equitable relief, in regard to which the Court has very serious doubt, it would appear that the allegations in the eighth paragraph certainly are not clear and definite enough as they now stand.

The demurrer to the amended bill is sustained.

For Complainants: William Williams and Patrick P. Curran.

For respondents: Jeremiah Sullivan.